**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 00-4188

RONALD TERRELL HOOPER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-153)

Submitted: August 10, 2000

Decided: August 25, 2000

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Gill P. Beck,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronald Terrell Hooper pled guilty to embezzlement from Branch Banking and Trust (BB&T) and was sentenced by the district court to a five-month term of imprisonment, four years' supervised release, and ordered to pay restitution in the amount of $20,476 to BB&T. Hooper appeals, asserting the court should have recused itself because it owned stock in BB&T. We find no abuse of discretion and affirm.

We review a district court's refusal to disqualify itself for abuse of discretion. See United States v. Sellers, 566 F.2d 884, 887 (4th Cir. 1977). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if he knows that he or an immediate family member residing with him has a financial interest in the subject matter in controversy. See 28 U.S.C. §§ 455(a), (b)(4) (1994). In order to find a trial court abused its discretion, there must be a "reasonable factual basis for doubting the judge's impartiality." Sellers, 566 F.2d at 887 (citation omitted). Hooper does not dispute that any financial interest the district court had in BB&T was minuscule. See id. Furthermore, Hooper pled guilty to embezzlement and stipulated to the amount of restitution owed BB&T. Hooper further received a minimal sentence and was recommended for favorable treatment by the Bureau of Prisons. Accordingly, we find no reasonable factual basis for doubting the judge's impartiality.

Based on the foregoing, we find the district court did not abuse its discretion when it refused to disqualify itself from Hooper's case. Accordingly, we affirm Hooper's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2